IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARCAVIA NOWELL-GATES,       : | |
| : | |
| Plaintiff,       : | |
| : | CIVIL ACTION NO. |
| v.       : | 1:11-CV-815-AT |
| : | |
| POLLACK & ROSEN, P.A., UNIFUND       : | |
| CCR PARTNERS,       : | |
| : | |
| Defendants.       : | |

## **ORDER**

This matter is before the Court on Plaintiff Arcavia Nowell-Gates' Motion to Vacate Judgment and Reinstate Case [Doc. 9]. On June 14, 2011, Plaintiff filed a notice of voluntary dismissal of the case with prejudice. (Notice, Doc. 7.) She filed her motion to vacate on August 19, 2011. In it she explains that she only intended to dismiss her case as against Defendant Unifund CCR Partners, with whom she had reached a settlement agreement. (Motion to Vacate at 2.) She has not reached any agreement with Defendant Pollack & Rosen, and did not intend to dismiss with prejudice her claims against Pollack & Rosen. (*Id.*) Thus, her dismissal with prejudice of both Defendants was an inadvertent mistake. (*Id.*)

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part: "On motion and upon such terms are just, the court may relieve a party or a

party's legal representative from a final judgment. . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b). Excusable neglect in the context of a Rule 60(b) motion encompasses situations in which the mistake or untimely filing is attributable to negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The determination of whether a particular instance of neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

In the context of a creditor's untimely filing of a proof of claim in a bankruptcy proceeding, the Supreme Court found the relevant circumstances to include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* See also *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (request for a trial *de novo* filed six days late showed excusable neglect, given the minimal degree of delay, lack of impact on the judicial proceedings, and lack of bad faith); *Norment v. Newton County Sheriff's Dep't*, 352 Fed. Appx. 316, (11th Cir. 2009) (five month delay in filing statement of material facts in support of motion for summary judgment not excusable, especially because counsel had notice of the error and failed to correct it sooner).

Here, Plaintiff Nowell-Gates has failed to establish excusable neglect. Although her attorney had notice of the error on July 21, 2011 (Reply, Ex. B, Doc. 12-2), her counsel waited almost another month before filing the motion to vacate. Furthermore, although the Court does not find that the dismissal with prejudice of the entire case was intentional, vacating the judgment at this stage would significantly impact the finality of the judicial proceeding. Plaintiff has not articulated any extenuating circumstances that may have caused either the initial error or the delay in seeking relief. If Plaintiff had sought relief within a matter of days, the Court might reach a different decision, but here the motion to vacate was filed about two months after the error and almost one month after Plaintiff's counsel discovered the error. The Court does not condone either Plaintiff's counsel's unprofessionalism in the sloppiness of his filing or Defendant's counsel's unprofessionalism in failing to bring the matter to Plaintiff's attention promptly. However, Plaintiff has failed to meet the *Pioneer* factors for excusable neglect, and her motion to vacate [Doc. 9] is **DENIED**.

IT IS SO ORDERED this 31st day of October, 2011.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE